UNITED STATES of America,
Appellee,

v.

Richard Sonny NERO, Appellant.

No. 24490.

United States Court of Appeals,
Ninth Circuit.

Oct. 27, 1970.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Richard E. Weger (argued), San Jose, Cal., for appellant.

Richard K. Burke, U. S. Atty., Philip Malinsky and Wurner Lee, Asst. U. S. Attys., Phoenix, Ariz., for appellee.

Before ELY and WRIGHT, Circuit Judges, and SMITH, District Judge.*

PER CURIAM:

Nero appeals from his conviction on two counts charging him with the unlawful sale of heroin.  21 U.S.C. § 174.

■ Nero challenges the constitutionality of the presumption prescribed by 21 U.S.C. § 174, but the validity of the presumption, as applied to the possession of heroin, has been established. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

■ Nero's second contention involves certain statements claimed to have been made by Nero's co-defendant, Clarence Williams.  Williams was also convicted, and his appeal to our court was unsuccessful.  United States v. Williams, 423 F.2d 696 (9th Cir. 1970).  Nero argues that Williams' statements were improperly admitted into evidence through the testimony of a federal narcotics agent and that, since Williams did not testify, there was infringement of Nero's confrontation rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968).

We find it unnecessary to detail the statements in question.  If they could be so interpreted as to implicate Nero at all, which is questionable, their incriminating effect, as to him, was so insignificant that their admission was harmless beyond all reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.